AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District: Eastern District of Washington | |
|---|---|---|
| Name (under which you were convicted):<br>Noe Lazo Caldera | | Docket or Case No.:<br>19-3288 |
| Place of Confinement :<br>Yakima County Jail | Prisoner No.:<br>DOC 800157; YCJ no. 115014 | |
| Petitioner (include the name under which you were convicted)<br>Noe Caldera-Lazo aka Noe Lazo Caldera    v. | Respondent (authorized person having custody of petitioner)<br>Joseph A. Brusic, Robert Udell, and Ed Campbell | |
| The Attorney General of the State of: Washington | | |

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Yakima County Superior Court

    128 N 2nd Street, Room 314

    Yakima, WA 98901

    (b) Criminal docket or case number (if you know):   18-1-00091-39

2.  (a) Date of the judgment of conviction (if you know):   12/31/2018

    (b) Date of sentencing:   12/31/2018

3.  Length of sentence:   Indeterminate per RCW 9.94A.507; minimum 64 months, maximum life sentence

4.  In this case, were you convicted on more than one count or of more than one crime?   ☑ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    Count 1: Felony Harassment of Another - Threat to Kill - Domestic Violence; 29 months

    Count 2: Second Degree Assault - Domestic Violence - Sexual Motivation; indeterminate sentence,

    minimum of 64 months, maximum of life imprisonment

    Counts 1 and 2 run concurrent to one another

6.  (a) What was your plea? (Check one)

         ☐ (1)   Not guilty     ☑ (3)   Nolo contendere (no contest)

         ☐ (2)   Guilty          ☐ (4)   Insanity plea

AO 241 (Rev. 09/17)

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?   Pled "no contest" to both counts of conviction

    (c) If you went to trial, what kind of trial did you have? (Check one)

        ❏ Jury    ❏ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

        ❏ Yes    ☑ No

8.    Did you appeal from the judgment of conviction?

        ❏ Yes    ☑ No

9.    If you did appeal, answer the following:

    (a) Name of court:   Pending Motion for Relief from Judgment (see item 11)

    (b) Docket or case number (if you know):

    (c) Result:

    (d) Date of result (if you know):

    (e) Citation to the case (if you know):

    (f) Grounds raised:

    (g) Did you seek further review by a higher state court?    ❏ Yes  ☑ No

        If yes, answer the following:

        (1) Name of court:   Challenge to conviction pending in Yakima County Superior Court

        (2) Docket or case number (if you know):

        (3) Result:

AO 241 (Rev. 09/17)

     (4) Date of result (if you know): _____

     (5) Citation to the case (if you know): _____

     (6) Grounds raised: _____

     _____

     _____

     _____

   (h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes  ☑ No

     If yes, answer the following:

     (1) Docket or case number (if you know): _____

     (2) Result:   Challenge to conviction pending in Yakima County Superior Court

     (3) Date of result (if you know): _____

     (4) Citation to the case (if you know): _____

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☑ Yes  ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

   (a)   (1) Name of court:   Yakima County Superior Court

       (2) Docket or case number (if you know):   18-1-00091-39

       (3) Date of filing (if you know):   12/30/2018

       (4) Nature of the proceeding:   Motion for Relief from Judgment under Crim. Rule 7.8

       (5) Grounds raised:   Due Process violations under the Fifth Amendment and Ineffective

         Assistance of Counsel under the Sixth Amendment

       (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

       ☐ Yes  ☐ No

       (7) Result:   Motion is currently pending

AO 241 (Rev. 09/17)

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:    Yakima County Superior Court

(2) Docket or case number (if you know):    19-2-04723-39

(3) Date of filing (if you know):    12/30/2018

(4) Nature of the proceeding:    Motion for Writ of Habeas Corpus

(5) Grounds raised:    Due Process violations under the Fifth Amendment and Ineffective

Assistance of Counsel under the Sixth Amendment

This motion was filed as a protective motion in the event my Motion for Relief from Judgment

is denied.

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result:    Motion is currently pending

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❏ Yes    ❏ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:    ❏ Yes    ☑ No

    (2) Second petition:    ❏ Yes    ☑ No

    (3) Third petition:    ❏ Yes    ❏ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

Both motions remain pending; if denied I will appeal them to the appropriate higher state court

having jurisdiction

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**  Fifth Amendment Due Process violation due to lack of notice of applicability of RCW

9.94A.507's indeterminate sentencing scheme to charges I pled to

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See attached memorandum for detailed factual recitation and arguments

(b) If you did not exhaust your state remedies on Ground One, explain why:  I have a pending Motion for Relief

from Judgment and a pending Motion for a Writ of Habeas Corpus raising this claim.

AO 241 (Rev. 09/17)

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ❒ Yes    ❒ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ❒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Motion for Relief from Judgment; Motion for Writ of Habeas Corpus

Name and location of the court where the motion or petition was filed:    Yakima County Superior Court

Docket or case number (if you know):    18-1-00091-39 ; 19-2-04723-39

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):    Motions are currently pending

_____

(3) Did you receive a hearing on your motion or petition?    ❒ Yes    ❒ No

(4) Did you appeal from the denial of your motion or petition?    ❒ Yes    ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ❒ Yes    ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:**          Fifth Amendment Due Process violation due to lack of notice of resentencing

hearing, which occurred on December 31, 2018, and lack of notice of amended judgment

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See attached memorandum for detailed factual recitation and arguments

(b) If you did not exhaust your state remedies on Ground Two, explain why:    I have a pending Motion for Relief from

Judgment and a pending Motion for a Writ of Habeas Corpus in Yakima County Superior Court.

(c)      **Direct Appeal of Ground Two:**

      (1) If you appealed from the judgment of conviction, did you raise this issue?          ☐  Yes          ☐  No

      (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)      **Post-Conviction Proceedings:**

      (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

          ☑  Yes          ☐  No

      (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:      Motion for Relief from Judgment and Motion for Writ of Habeas Corpus

Name and location of the court where the motion or petition was filed:    Yakima County Superior Court

Docket or case number (if you know):      18-1-00091-39; 19-2-04723-39

AO 241 (Rev. 09/17)

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):     Both motions are currently pending
_____

_____

(3) Did you receive a hearing on your motion or petition?          ❏  Yes      ❏  No

(4) Did you appeal from the denial of your motion or petition?     ❏  Yes      ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏  Yes      ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two : _____

_____

_____

_____

**GROUND THREE:**        Ineffective Assistance of Counsel in violation of Sixth Amendment due to counsel's

ineffective advice during plea negotiations, change of plea hearing, and sentencing hearings

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See attached memorandum for detailed factual recitation and arguments

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:    I have a pending Motion for Relief

from Judgment and a pending Motion for a Writ of Habeas Corpus, both in Yakima County Superior Court.

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Motion for Relief from Judgment, Motion for Writ of Habeas Corpus

Name and location of the court where the motion or petition was filed:   Yakima County Superior Court

Docket or case number (if you know):    18-1-00091-39 ; 19-2-04723-39

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):    Both motions are currently pending.

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

_____

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)     **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?    ❏ Yes   ❏ No

(4) Did you appeal from the denial of your motion or petition?    ❏ Yes   ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏ Yes   ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

13.     Please answer these additional questions about the petition you are filing:

        (a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court

                having jurisdiction?     ☐ Yes     ☑ No

                If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

                presenting them:    I have pending motions in state court in the appropriate court. If those motions

                are denied, I will appeal them to the appropriate higher state court having jurisdiction.


        (b)     Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

                ground or grounds have not been presented, and state your reasons for not presenting them:

                No, each ground in this petition has been presented in post-conviction pleadings in Yakima

                County Superior Court.


14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

        that you challenge in this petition?     ☐ Yes     ☑ No

        If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

        raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

        of any court opinion or order, if available.


15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

        the judgment you are challenging?     ☑ Yes     ☐ No

        If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

        raised.    Yakima County Superior Court, 18-1-00091-39, Motion for Relief from Judgment, same issues

        as asserted herein

        Yakima County Superior Court, Motion for Writ of Habeas Corpus, same issues as asserted herein

AO 241 (Rev. 09/17)

16.      Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

     (a) At preliminary hearing:    Scott Bruns, 6 South 2nd Street, Suite 901, Yakima WA 98901

     (b) At arraignment and plea:    Scott Bruns, 6 South 2nd Street, Suite 901, Yakima WA 98901

     (c) At trial:    Scott Bruns, 6 South 2nd Street, Suite 901, Yakima WA 98901

     (d) At sentencing:    Scott Bruns, 6 South 2nd Street, Suite 901, Yakima WA 98901

     (e) On appeal:    n/a

     (f) In any post-conviction proceeding:    Paul E. Shelton, 306 E Chestnut Avenue, Yakima WA 98901

     (g) On appeal from any ruling against you in a post-conviction proceeding:   Paul E. Shelton, 306 E Chestnut Avenue, Yakima WA 98901

17.      Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      ☐ Yes   ☑ No

     (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

     (b) Give the date the other sentence was imposed:

     (c) Give the length of the other sentence:

     (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?      ☐ Yes   ☐ No

18.      TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

     n/a This motion is being filed within one year of my judgment of conviction becoming final. I am filing this motion now despite having pending motions in state court to ensure that the instant motion is timely in compliance with 28 USC 2244(d).

AO 241 (Rev. 09/17)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

      (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

      (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Vacate my conviction in Yakima County Cause No 18-1-00091-39, and order the Yakima County Superior Court to permit me to withdraw my plea agreement and appoint me new counsel to represent me in my re-opened state court case.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on __12/30/19__ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. Pursuant to the rules governing § 2254 proceedings, all petitions must be signed under penalty of perjury by the petitioner "or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rule 2(c)(5) of Rules Governing § 2254 Proceedings. I am authorized to sign this petition for Mr. Caldera-Lazo because I am his attorney. Nothing in 28 USC § 2242 or § 2254 prohibits me from signing on Mr. Caldera-Lazo's behalf as counsel.

Paul Shelton
Counsel for Petitioner